JOHN JORDT v. THE STATE.

No. 3254.   Decided May 2, 1906.

**1.—Violation of Game Law—Hand-Writing—Expert Testimony.**

Where upon a trial for a violation of the game law the State's witness was permitted to testify to his belief that the signature purporting to be appellant's to a letter was the same hand-writing as that signed to an appearance bond, and the witness did not qualify as an expert, there was reversible error.

**2.—Same—Requested Charge—Reasonable Doubt—Circumstantial Evidence.**

Upon a trial for a violation of the game law it was error to refuse a special instruction that the jury must believe beyond a reasonable doubt that the defendant transported the game, etc.  It was also error to refuse a charge on circumstantial evidence.

Appeal from the County Court of San Patricio.   Tried below before Hon. P. A. Hunter.

Appeal from a conviction of a violation of the game law; penalty, a fine of $10.

The opinion states the case.

*Walter F. Timon,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the game law, in that he shipped and transported ducks from Portland, in San Patricio County, to Corpus Christi, in Nueces County. In addition to the question in the companion case of Joe Hirsch v. State, just decided, appellant reserved an exception to the action of the court permitting the sheriff of the county to testify to his belief that the signature purporting to be appellant's to a letter, was the same handwriting as that signed to an appearance bond. The sheriff testified he was not an expert in such matters, but only testified as to his belief. And appellant further objected to the introduction of the letter itself.  These bills of exception show error.

The court was requested to charge the jury that, before they could convict defendant, they must believe beyond a reasonable doubt from the evidence that he transported the game from Portland to Corpus Christi, and also requested a charge on circumstantial evidence.  Both of these charges were in writing.  They should have been given. These are mentioned in addition to the questions upon which Hirsch's case, supra, was reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.